IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEWAYNE GRIFFIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-1042-MJR |
| | ) |
| LEE RYKER, et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Petitioner, a frequent filer currently incarcerated in the Menard Correctional Center,[1] seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He also seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. 4). Even though Petitioner has accrued "3 strikes" under 28 U.S.C. § 1915(g), Petitioner can proceed *in forma pauperis* in a habeas corpus action. *Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir. 2000) ("[i]f a case is properly filed as an action under 28 U.S.C. §§ 2241, 2254, or 2255, it is not a 'civil action' to which the PLRA applies"). Based on the financial information provided with the motion to proceed *in forma*

---

[1] Plaintiff has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Griffin v. Psexico*, Case No. 1:06-cv-02566 (N.D. Illinois, dismissed for failure to state a claim June 2, 2006); *Griffin v. Blagojevich*, Case No. 06-315-MJR (S.D. Illinois, dismissed as frivolous August 8, 2006); *Griffin v. Blagojevich*, Case No. 06-318-DRH (S.D. Illinois, dismissed as frivolous January 3, 2007). On June 25, 2010, the Seventh Circuit Court of Appeals issued an order directing the clerks of all federal courts in the Seventh Circuit to "return unfiled any papers submitted either direct or indirectly" by Griffin. *Griffin v. McCuskey*, No. 10-2002, slip op. 1 (&th Cir. June 25, 2010) This order, however, does not apply to "petitiones challenging the terms of [Griffin's] confinement. *Id*.

*pauperis* (Doc. 4), the motion to proceed *in forma pauperis* (Doc. 4) is **GRANTED**.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Petitioner has brought what can only be described as a blunderbuss petition. In it, it appears that he attempts to challenge everything from his 2005 burglary conviction in Cook County, Illinois, to various prison administrative and/or disciplinary actions on the basis that prison officials "impersonate courts employees" by "sentencing petitioner to more time in prison." This is not the first habeas petition that Petitioner has brought concerning the validity of his current confinement. *See Griffin v. Ryker*, Case No. 09-1042 (S.D. Ill.); *Griffin v. Gilson*, Case No. 09-382 (S.D. Ill.); and *Griffin v. Jones*, Case No. 09-cv-1298 (C.D. Ill.) .

Drawing from these prior actions, the Court notes that Petitioner was convicted of burglary in the Circuit Court for Cook County, Illinois, in 2005 and sentenced to 9 years imprisonment. The gist of Petitioner's various habeas actions is that during his confinement, he has been falsely charged and found guilty of violating various prison rules. As a result, it appears that Petitioner's anticipated release date has been extended. Petitioner claims that the extension of his release date is, in fact, an "additional sentence." As noted above, however, Petitioner was convicted in 2005 and he was given a 9 year prison term. Basic math indicates that Petitioner's maximum prison term under his original Cook County sentence does not expire

until 2014.

Of course, Petitioner may have an argument that he is entitled to be released before 2014 such as by the application of earned good time credits or, maybe, jail time credits. But Petitioner does not make any cogent argument that he was entitled to release prior to 2014. Instead, it appears that Petitioner contends that the various disciplinary charges he has faced while incarcerated are "false" and "made up." The Court notes that Petitioner presented these same claims in a habeas petition filed with the United States District Court for the Central District of Illinois. *See Griffin v. Eddie Jones*, Case No. 09-cv-1298 (C.D. Ill.). The Central District concluded that Petitioner's allegations did not make out a cognizable claim for relief under 28 U.S.C. § 2241 or 28 U.S.C. §2254. This Court agrees with the Central District: without more, a claim of being "falsely" charged and convicted does not state a claim for habeas corpus relief

Finally, this Court notes that the instant action is nearly identical to a prior habeas action that Petition previous filed with this Court. *See Griffin v. Gilson*, Case No. 09-382 (S.D. Ill.). The prior petition was dismissed for reasons similar to those stated in this case. This includes the decision that Petitioner's claim that he was "falsely charged" does not state a claim for habeas relief - either under § 2241 or § 2254.

**D**ISPOSITION

Accordingly, the instant petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) IS **DISMISSED,** without prejudice. All pending motions are **DENIED** as moot.

The Clerk is **DIRECTED** to **CLOSE THIS CASE**.

    **IT IS SO ORDERED.**

    **DATED this 7th day of September, 2010.**

                                                                  <u>s/ Michael J. Reagan</u>
                                                                  **MICHAEL J. REAGAN**
                                                                  **United States District Judge**